[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15973
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

Agency No. A98-739-816

JIE LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------

**(November 21, 2008)**

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Jie Liu, a native and citizen of China appearing pro se, petitions for review of the order by the Board of Immigration Appeals ("BIA") that affirmed the decision of the Immigration Judge ("IJ"). The decision denied asylum,

withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] No reversible error has been shown; we deny the petition in part and dismiss it in part.

We review the decisions of the IJ and the BIA in this case. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the IJ and BIA. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). Therefore, a finding of fact will be reversed only when the record compels, instead of merely supports, a reversal. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-

---

[1] On appeal, Liu does not offer argument on the denial of CAT relief; therefore, this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that a petitioner abandons an issue by failing to offer argument on that issue).

founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1286-87.

Liu sought asylum based on his membership in the Chinese Democratic Party ("CDP"), which he joined several months after coming to the United States in May 2004. Liu claimed that he (1) recruited new members to the CDP in China, including some of his former coworkers, (2) distributed literature about the CDP on the streets of New York, and (3) wrote articles on topics such as freedom of speech, and published them on the internet. Liu claimed that the Chinese government (1) knew about his activities in the United States and would arrest him if he returned to China and (2) had contacted and harassed his wife -- who remained in China -- about his acts in the United States.

The IJ determined that Liu was not credible based on the following things: (1) he consulted Chinese lettering on his hand during his testimony, but did not explain what purpose it served or why he was looking at it while testifying; (2) he testified that he joined the CDP in New York on 8 December 2004 but also testified that the Chinese government contacted his wife the same day about his activities in the United States; (3) he did not join the CDP until after his visa

expired, but his acts upon initially coming to the United States indicated that he had no intention of returning to China; and (4) he failed to submit affidavits from anyone in China about the government's alleged knowledge of his political activities. The BIA agreed with the IJ's adverse credibility determination.

On appeal, Liu argues that the IJ's and BIA's adverse credibility determination was not supported by substantial evidence and was based on minor inconsistencies. Liu also asserts that the IJ and BIA failed to consider his submitted evidence. We disagree.

An adverse credibility determination alone may be sufficient to support the denial of asylum relief. Forgue, 401 F.3d at 1287. But "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Id. "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Id. (internal quotation omitted).

The IJ and BIA provided specific and cogent reasons for the credibility determination, which is supported by substantial evidence. See D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 819 (11th Cir. 2004). Nothing in the record compels us to substitute our judgment on the issue. Liu's testimony about the Chinese government's alleged knowledge of his political activities in the United

4

States -- the basis of his asylum claim -- was not plausible. He testified that Chinese officials contacted his wife in China about his activities in the United States the same day he joined the CDP in New York; and Liu had no prior history of political activity in China. Also, Liu got a job as a truck-driver when he first arrived in the United States and testified that he did not plan to return to China; but he did not join the CDP until after his visa expired. He learned of the possibility for asylum from other CDP members. Thus, as the IJ noted, it appears that Liu's political acts were undertaken for the purpose of applying for asylum. That Liu consulted Chinese writing on his hand while testifying also calls into doubt the truthfulness of his testimony.[2]

The weaker an applicant's testimony, the greater the need for corroborative evidence. Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). Here, the IJ considered the evidence submitted by Liu, which included photographs of him allegedly attending CDP meetings and distributing CDP literature, and articles he allegedly wrote and published on the internet. But the IJ did not consider the photographs helpful to Liu's claim because they had been taken within hours of each other, and the IJ noted that the articles, by themselves,

---

[2]At the hearing, Liu stated that the writing was only his name in Chinese. The IJ asked the interpreter to translate the writing and, although the translation is not entirely clear in the transcript, the translation does indicate that the writing was more than Liu's name.

did not tend to corroborate his testimony that Chinese officials were targeting him.[3] As the IJ and BIA correctly noted, Liu produced no evidence -- such as an affidavit from his wife -- that corroborated his testimony that Chinese officials knew about his political activities in the United States. In sum, the IJ and BIA provided cogent reasons for the credibility determination: and these reasons are supported by substantial record evidence. See D-Muhumed, 388 F.3d at 819. We deny this part of the petition.

Liu next argues that his due process rights were violated when the IJ denied his requests for a change of venue and for a continuance so that his lawyer would have time to properly prepare for the hearing. Liu also complains of inadequate translation at the asylum hearing. Because Liu failed to present these due process claims in his appeal to the BIA and, therefore, failed to exhaust his administrative remedies on these claims, we lack jurisdiction to consider them. See Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1251 (11th Cir. 2006) (explaining that an alien's "allegation of a due process violation . . . is precisely

_____

[3]On appeal, Liu claims that the IJ did not consider the State Department's Country Report on China. But the IJ clearly considered all the evidence submitted by Liu, even if not specifically referenced in the IJ's oral decision. Still, the Country Report does not corroborate Liu's personal experiences with the Chinese government.

6

the kind of procedural error which requires exhaustion").  Therefore, we dismiss

this part of the petition for review.

PETITION DENIED IN PART, DISMISSED IN PART.